

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1-14-CV-8 |
| v. | § | |
| | § | JUDGE RON CLARK |
| ACER, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## SCHEDULING ORDER

The court, after considering the joint attorney conference report and after reviewing the case file, enters this case specific order, which controls disposition of this action pending further order of the court. The following actions shall be completed by the date indicated.[1]

| | |
|---|---|
| August 22, 2014 | Parties shall provide the court with a status update regarding the negotiations for protective orders, agreements on electronically stored information, and agreements on the production of source code. |
| August 29, 2014 | P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (and P.R. 3-2 document production) to be served. Provide the court with the P.R. 3-1 disclosures only. |

---

[1] If a deadline falls on a Saturday, Sunday, or legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

1

| | |
|---|---|
| September 5, 2014 | Plaintiff shall provide all documentation related to the prior lawsuits that is discoverable.  Plaintiff shall also provide a privilege log for material it believes is covered under existing protective orders. |
| September 19, 2014 | Each Defendant shall advise Plaintiff whether it has the relevant source code for the accused functionality for its respective accused products based on the information provided in Plaintiff's Infringement Contentions, and if not, shall advise Plaintiff where any such source code not in the possession of that Defendant can be obtained, to the extent known. The parties will then have 3 weeks to negotiate in good faith a schedule for each Defendant to make available for inspection any such source code in the Defendant's possession, subject to the protective order to be entered in the case. The 3 week period is a negotiation period and not a deadline for making source code available.  To avoid later delay, parties shall notify the court of any source code for which agreement cannot be reached.<br><br>Also by the date, Defendants shall make necessary requests to obtain source code in the possession of third parties from which it licenses or otherwise obtains use of such source code.<br><br>Also by this date, Defendants shall produce detailed organizational diagrams. |
| October 3, 2014 | Deadline to add parties. |
| October 17, 2014 | Deadline to amend pleading without leave of the court.  An amendment that adds a new patent in suit will need leave of the court. |
| October 21, 2014 | Deadline for Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party, including initial disclosures pursuant to Fed. R. CP.Riv. P. 26(a)(1). |
| October 21, 2014 | P.R. 3-3 Invalidity Contentions to be served.  Provide copies of the 3-3 disclosures only to the court at this time.  To extent not already required to be disclosed, exchange Mandatory Disclosures. |

| | |
|---|---|
| October 21, 2014 | Privilege Logs to be exchanged by parties (or a letter to the court stating that there are no disputes as to claims of privileged documents). |
| November 17, 2014 | Response to amended pleadings. |
| November 21, 2014 | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1).  Parties shall submit a joint list of terms proposed to the court for review.  If the number of the terms is excessive, the court will set a hearing. |
| December 19, 2014 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| January 23, 2015 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3).  Provide an estimate of how many pages are needed to brief the disputed claims. |
| February 13, 2015 | Completion date for discovery on claim construction (P.R. 4-4). |
| February 20, 2015 | Opening claim construction brief (P.R.4-5(a)). |
| March 26, 2015 | Responsive claim construction brief (P.R. 4-5(b)). |
| April 9, 2015 | Reply claim construction brief (P.R. 4-5(c)). |
| April 14, 2015 | Submit technology synopsis (both hard copy and disk). |
| April 14, 2015 | Parties to file joint claim construction and chart (P.R. 4-5(d)).  Parties shall work together to agree on as many claim terms as possible. |
| April 23, 2015 | Claim construction hearing at 10:00 am, in Beaumont, Texas. |
| June 19, 2015 | Comply with P.R. 3-7 on designation of willfulness opinions. |
| June 26, 2015 | Close of fact discovery.  All discovery must be served in time to be completed by this date. |

| | |
|---|---|
| July 2, 2015 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(a)(2)(B). |
| | Objections to any expert, including Daubert motions, shall be filed within 3 weeks of the Expert Report disclosure. Such objections and motions are limited to ten pages. |
| August 6, 2015 | Parties designate expert witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(a)(2)(B). |
| August 31, 2015 | Discovery deadline.  All discovery must be served in time to be completed by this date. |
| September 8, 2015 | Deadline to file dispositive motions and any other motions that may require a hearing.  Motions shall comply with Local Rule CV-7. |
| | Each Defendant may file only one summary judgment motion without leave.  Plaintiff may file a motion against each Defendant.  Prior to filing any additional motion for summary judgment, a party must submit a letter brief seeking permission to file the motion.  The opening letter brief shall not exceed five (5) pages, double-spaced, and shall be provided to the court no later than thirty (30) days prior to the deadline for filing summary judgment motions. The letter brief should be in effect an "executive summary" of the material facts and pinpoint citations to the key cases and statutes that justify the relief requested. |
| | Answering letter briefs shall not exceed five (5) pages, double-spaced, and should be submitted to the court no later than fourteen (14) days after the opening brief. The answering brief should be an "executive summary" of the material facts in dispute and pinpoint citations to the key cases and statutes that support denying the motion. The letter briefs shall be filed without exhibits. The court may hold a hearing or telephone conference to hear arguments and to determine the advisability of filing the motion and whether it should be limited in scope. Any requests to submit letter briefs after the deadlines outlined above must show good cause. |

| | |
|---|---|
| October 30, 2015 | Notice of intent to offer certified records. |
| October 30, 2015 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (see Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases)). |
| November 20, 2015 | Video Deposition Designations due.  Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those that cannot be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| December 9, 2015 | Motions in limine due. |

Each side is limited to one motion in limine addressing no more than ten disputed issues. In addition, the parties may file a joint motion in limine addressing any agreed issues. The Court views motions in limine as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. However, parties now regularly file motions in limine on any issue, argument, or evidence they want kept from the jury, which is not the proper use of motions in limine. Accordingly, the court limits each side to one motion in limine (addressing up to ten issues), and the court instructs the parties to use them appropriately.

File Joint Final Pretrial Order (see Local Rules Appendix D (obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form)).  Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies.

| | |
|---|---|
| December 22, 2015 | Responses to motions in limine due |
| | File objections to witnesses, depositions extracts, and exhibits, listed in pre-trial order.  This does not extend the deadline to object to expert witnesses.  If numerous objections are filed the court may set a hearing prior to docket call. |
| | File Proposed Jury Instructions and Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| January 7, 2016 | Final Pretrial at 9:00 am, in Beaumont, Texas. |
| | The parties should be prepared to try the case on this date.  Provide the court with two copies of the most updated Exhibit List.  Absent agreement of the parties, this should not have exhibits that were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections.  At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits. |
| January 11, 2016 | Jury selection and trial at 9:00 am, in Beaumont, Texas, for the invalidity trial for all Defendants and the first infringement trial. |
| February 29, 2016 | Jury selection and trial at 9:00 am, in Beaumont Texas, for the second infringement trial. |

APPENDIX A - INFRINGEMENT AND INVALIDITY CONTENTIONS FOR SOFTWARE

Additional modifications to the Patent Rules regarding P.R. 3-1 and P.R. 3-3 are being made to reduce discovery disputes and motion practice resulting from patents that contain software claim limitations.  The Patent Rules require a party asserting claims of patent infringement to take a firm position in the litigation as it relates to infringement early on in the case.  This and other courts in the Eastern District of Texas, however, recognize that software claim limitations present unique challenges for the parties because parties claiming patent infringement do not typically have access to an opposing party's source code before filing suit.  At the same time, parties opposing a claim for patent infringement are hampered in their ability

to prepare a defense absent specific infringement contentions from the party asserting claims of patent infringement.

The lack of access to source code coupled with an opponent's right to prepare a defense has led to numerous discovery disputes. To alleviate these disputes and to provide clear direction to the parties as to their rights and responsibilities under the Patent Rules, the Court modifies the Patent Rules in a manner consistent with such cases as *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558 (E.D. Tex. 2005).

The court's modifications to P.R. 3-1 and P.R. 3-3 are set out below.

**P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements. This is not an invitation for the party opposing a claim of patent infringement to delay in producing source code. If the negotiations the parties describe at the conference do not result in a reasonable solution as to deadlines for each party, the court will decide the matter.

So **ORDERED** and **SIGNED** this **11** day of **August, 2014.**

_____
Ron Clark, United States District Judge