IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **PERSONAL AUDIO, LLC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 1:14-cv-00008-RC |
| v. | § | |
| | § | |
| **ACER, INC., ET AL.,** | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**PERSONAL AUDIO, LLC'S DISCLOSURE OF ASSERTED CLAIMS AND
INFRINGEMENT CONTENTIONS AND ACCOMPANYING DOCUMENT
PRODUCTION (LOCAL P.R. 3-1 and 3-2).**

Pursuant to CV-83 and P.R. 3-1 and 3-2, Plaintiff Personal Audio, LLC ("Plaintiff"), by and through its undersigned attorneys, states as follows:

**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

(A) *Each claim of each patent in suit that is allegedly infringed by each opposing party*;

Based on information presently available to Plaintiff and the status of its investigation, Plaintiff alleges infringement of certain claims of U.S. Patent No. 6,199,076 (the "'076 patent") and U.S. Patent No. 7,509,178 (the "'178 patent") by Defendants. The specific asserted claims relative to each Defendant are individually enumerated in the claim charts being served contemporaneously on each Defendant.[1] Plaintiff reserves the right to amend and/or supplement the identification of asserted claims as discovery progresses, in response to the Court's claim construction and otherwise in accordance with the Local Patent Rules and the Court's Docket Control Order.

(B) *Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process*;

Based on information presently available to Plaintiff and the status of its investigation, Plaintiff provides the claim charts being served contemporaneously on each Defendant

---

[1] Due to the voluminous number of charts, as well as the collective data size, Plaintiff has provided claim charts electronically to each Defendant via FTP. Plaintiff has also provided the Court with sample infringement contentions in conjunction with its filing of this Disclosure.

1

identifying each Accused Instrumentality for each asserted claim. Plaintiff reserves the right to amend and/or supplement the identification of each Accused System and Method as discovery progresses, in response to the Court's claim construction and otherwise in accordance with the Local Patent Rules and the Court's Docket Control Order.

(C)  *A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function*;

The attachments hereto reflect the present infringement contentions of Plaintiff based on information reasonably available to it as of this date. Plaintiff reserves the right to seek to amend, supplement or narrow these contentions as discovery progresses, in response to the Court's claim construction and otherwise in accordance with the Local Patent Rules and the Court's Docket Control Order.

(D)  *Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality*;

Based on the information currently available to Plaintiff, each element of each asserted claim appears to be literally present. To the extent any element is not found to be literally present, Plaintiff asserts an equivalent element is present having insubstantial differences. Following discovery regarding the Defendants' products, including confidential information, source code and technical specifications pertaining to the Accused System and Method, Plaintiff reserves the right to seek leave to amend or supplement its allegations under the doctrine of equivalents. Plaintiff further reserves the right to amend and/or supplement its contentions relative to the doctrine of equivalents in response to the Court's claim construction and otherwise in accordance with the Local Patent Rules and the Court's Docket Control Order.

(E)  *For any patent that claims priority to an earlier application, the priority date to which each asserted claim is entitled; and*

Each asserted claim in the '076 patent is entitled to a priority date no later than May 20, 1996, with the exception of claim 4, which is entitled to a priority date no later than June 18, 1996. Each asserted claim in the '178 patent is entitled to a priority date no later than May 20, 1996, with the exception of claims 2, 3, 4, 5, 6, and 7, which are entitled to a priority date no later than August 2, 1996.

(F)  *If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim*.

Inapplicable at this time.

## II.
## DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS

Served on Defendants, August 29, 2014.

Dated: August 29, 2014

Respectfully Submitted,

By: */s/ John D. Saba.*
William M. Parrish
*Lead Attorney*
Texas State Bar No. 15540325
bparrish@dpelaw.com
Nicole E. Glauser
Texas State Bar No. 24050694
nglauser@dpelaw.com
John D. Saba Jr.
Texas State Bar No. 24037415
jsaba@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

*/s/ Douglas Q. Hahn*
Douglas Q. Hahn, *Admitted Pro Hac Vice*
California State Bar No. 257559
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138
Fax: 949-823-5138
Email: dhahn@sycr.com

*/s/ Charles W. Goehringer*
Charles W. Goehringer
Texas State Bar No. 00793817
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX 77701
Phone: 409-654-6700
Fax: 409-835-2115
Email: cwgoehringer@germer.com

4

*Attorneys for Plaintiff, Personal Audio, LLC*

4

*Attorneys for Plaintiff, Personal Audio, LLC*

Case 1:14-cv-00008-RC   Document 100   Filed 08/29/14   Page 4 of 5 PageID #:  672

4

*Attorneys for Plaintiff, Personal Audio, LLC*

Case 1:14-cv-00008-RC   Document 100   Filed 08/29/14   Page 4 of 5 PageID #:  672

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 29th day of August, 2014.

                                        */s/ John D. Saba*
                                        John D. Saba, Jr.